No. 561 June 17, 2026 741

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jesse Willow Killian MAES,
*Petitioner-Respondent,*

*v.*

Lauren Michelle CONWAY,
*Respondent-Appellant.*

Clackamas County Circuit Court
21DR16679; A183741

Jeffrey S. Jones, Judge.

Argued and submitted February 19, 2026.

Daniel S. Margolin argued the cause for appellant. Also on the briefs was Margolin Family Law.

Laura Graser argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Mother and father are unmarried parents who no longer wish to maintain a household together with the joint child. Mother appeals from a judgment that awards sole legal custody of child to father and shared parenting time between both parents; she raises five assignments of error. The first three assignments challenge the trial court's application of the ORS 107.137(1) factors used in making its custody determination. In a fourth assignment, mother challenges the trial court's refusal to consider evidence that she offered in a reconsideration hearing regarding father's decision-making regarding child's education. Finally, she challenges the court's admission and consideration of testimony of an investigator. Having reviewed the parties' arguments and the record, we are persuaded that the trial court did not err in weighing the statutory factors and considering the evidence in this matter. Therefore, we affirm.

A detailed recitation of the facts is not necessary to explain our resolution of the appeal in this nonprecedential memorandum opinion.

After a period of cohabitation, parents decided to separate and to share custody by a stipulated parenting time order. However, their relationship deteriorated further, leading to this custody and parenting time proceeding. Following a four-day hearing in which the court heard testimony and evidence from both parties, the court awarded sole legal custody to father, walking through the statutory factors in some detail in an opinion letter. Mother sought reconsideration of that ruling and, among her other arguments, sought to introduce evidence challenging father's decisions regarding child's education. The court held a hearing on the reconsideration motion and ultimately declined to consider mother's evidence and, as articulated in a further opinion letter, decided to adhere to its prior ruling. This appeal followed.

Mother's first three assignments of error challenge the trial court's application of the ORS 107.137(1) factors in making its custody determination. She argues that the court did not apply the required preference for child's

primary caregiver and that it improperly weighed the close physical location of father's family members in evaluating child's family relationships, and she challenges the court's evaluation of the willingness and ability of each parent to facilitate and encourage a close and continuing relationship with the other parent.

"'Under ORS 107.137, whether the trial court applied the correct legal standard in making the challenged best interests determination presents a question of law that we review for legal error.'" *Gilbride v. Smith*, 328 Or App 565, 585, 537 P3d 961 (2023) (quoting *Murray and Murray*, 287 Or App 809, 814, 403 P3d 473 (2017)). Having reviewed the arguments and evidence, we conclude that the trial court accounted for all of the statutory factors adequately in its opinion letters, originally and on reconsideration. We find no legal error in its application of the statutory factors.

In her fourth assignment of error, mother argues that the court erred by refusing to consider evidence that she sought to offer on reconsideration regarding father's handling of child's educational needs. However, mother has not identified any basis for her apparent argument that the court committed a legal error in its handling of her request to reconsider the custody determination based on that proffer. We conclude that the court acted within its discretion in addressing mother's motion for reconsideration.

Finally, mother challenges the court's admission and consideration of testimony of an investigator, which she had moved to strike on various grounds. Mother's argument fails to persuade us of any legal error in the court's handling of that evidence, certainly not one requiring reversal of the judgment.

Affirmed.